IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WENDY ALFARO SIBRIAN, ) <br> ) <br>  Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUPERIOR AUTO DETAILING, LLC, ) <br> *et al.*, ) <br> ) <br>  Defendants. ) <br> ) | Civil Action No. 22-cv-00169-LKG <br><br> Dated:  June 10, 2024 |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this civil action, Plaintiff, Wendy Alfaro Sibrian, alleges that Defendants, Superior Auto Detailing, LLC ("Superior Auto Detailing"), Xenia B. Rivera and Ever Enrique Vasquez, have failed to pay her wages for certain overtime work performed while she was employed as a car detailer, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. § 3-401 *et seq*., and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Lab. & Empl. § 3-501 *et seq*.  *See generally* ECF No. 1 at ¶¶ 50-69.  On March 28, 2024, Plaintiff filed a consent motion for the approval of a settlement agreement (the "Settlement Agreement") that would resolve these claims, allow Plaintiff to recover $3,600.00 in overtime pay and $3,600.00 in liquidated damages and award attorneys' fees in the amount of $5,963.76 and costs in the amount of $1,836.24 to Plaintiff's counsel.  *See generally* ECF No. 30; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action).

The Court held a fairness hearing on June 6, 2024.  ECF No. 33.  For the reasons stated during the fairness hearing, and set forth below, the Court: (1) **GRANTS** Plaintiff's consent motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS**

1

Plaintiff **$3,600.00** in overtime pay and **$3,600.00** in liquidated damages; (4) **AWARDS** Plaintiff's counsel **$5,963.76** in attorneys' fees and **$1,836.24** in costs; and (5) **DISMISSES** the complaint.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

In this civil action, Plaintiff alleges that Defendants failed to pay her wages for certain overtime work performed while she was employed as a car detailer, in violation of the FLSA, MWHL and MWPCL.  *See generally* ECF No. 1.  Specifically, Plaintiff alleges that, during the period from December 26, 2019, to November 7, 2021, she customarily worked more than 40 hours per week while employed by Defendants.  *Id*. at ¶¶ 16-17.  But Plaintiff alleges that Defendants failed to pay her overtime wages.  *Id*. at ¶¶ 16-26.

Given this, Plaintiff alleges that Defendants owe her approximately $8,882.07 in overtime wages.  And so, as relief, Plaintiff seeks to recover unpaid wages with interest, liquidated damages, attorneys' fees and costs.  *Id*. at Prayer for Relief.

<u>The Parties</u>

Plaintiff Wendy Sibrian is a resident of Prince George's County, Maryland.  *Id*. at ¶ 4.  Plaintiff worked for Defendants as a car detailer from December 26, 2019, to approximately December 5, 2021.  *Id*. at ¶¶ 9, 11.

Defendant Superior Auto Detailing, LLC is a Virginia limited liability company, which does business in Maryland as Superior Auto Detailing.  *Id*. at ¶ 5.

Defendant Xenia B. Rivera is a resident of Virginia and an owner and member of Superior Auto Detailing.  *Id*. at ¶ 6.

Defendant Ever Enrique Vasquez is a resident of Virginia and also an owner and member of Superior Auto Detailing.  *Id*. at ¶ 7.

---

[1] The facts recited in this memorandum opinion are derived from the complaint and Plaintiff's consent motion for approval of settlement.

2

The Plaintiff's Allegations

As background, Plaintiff worked as a car detailer for Superior Auto Detailing from December 26, 2019, to December 5, 2021. *Id*. at ¶ 9. During this time, Plaintiff worked at Superior Auto Detailing's Camp Springs, Maryland location, and her duties primarily consisted of cleaning the interior and exterior of vehicles. *Id*. at ¶¶ 10-12.

Plaintiff alleges that, during her employment at Superior Auto Detailing, she customarily worked six or seven days per week, including Mondays through Saturdays, and one or two Sundays per month. *Id*. at ¶¶ 13-15. In this regard, Plaintiff alleges that she worked approximately 53 hours per month, until November 7, 2021, when her work hours were reduced. *Id*. at ¶¶ 16, 22, 24. In addition, Plaintiff alleges that Defendants did not pay her overtime wages of one and one-half times her regular hourly rate for hours worked in excess of 40 hours per week. *Id*. at ¶ 26. As relief, Plaintiff seeks to recover $8,882.07 in unpaid overtime wages with interest, liquidated damages, attorneys' fees and costs. *Id*. at ¶ 27, Prayer for Relief.

The Settlement Agreement

On March 28, 2024, Plaintiff filed a consent motion to approve the Settlement Agreement between the parties to resolve her claims. ECF No. 30. The parties reached the Settlement Agreement after engaging in two formal mediation sessions before a United States Magistrate Judge and participating in settlement negotiations. ECF Nos. 13, 30.

The Settlement Agreement provides that, upon the Court's approval, Defendants shall pay $15,000.00 to Plaintiff and her counsel to resolve all claims in this matter. ECF No. 30 at 2. Under the terms of the Settlement Agreement, the $15,000.00 payment is to be apportioned as follows: (1) $7,200.00 to Plaintiff, which reflects a payment of $3,600.00 for unpaid overtime wages and $3,600.00 in liquidated damages; (2) an award of $5,963.76 in attorneys' fees to Plaintiff's attorneys, Justin Zelikovitz and Jonathan P. Tucker; and (3) an award of $1,836.24 in costs to Plaintiff's attorneys. *Id*. at 2, 4.

Section 1 of the Settlement Agreement provides that the consideration to be paid to Plaintiff and her counsel "shall be made as follows, and delivered to DCWageLaw's trust account *via* wire transfer" (the "Settlement Payment"). ECF No. 30-1 at 2. The Settlement Payment is to be disbursed in equal amounts of $1,250.00 over a period of 12 months, beginning

3

on March 15, 2024.  *Id*.  In this regard, Plaintiff's counsel represents to the Court that Plaintiff will receive $600.00 for each of the monthly payments called for under the terms of the Settlement Agreement.  ECF No. 32.

Plaintiff's counsel also represent to the Court that they have collectively expended approximately 37.3 billable hours on this matter since the inception of this litigation, and that their firm's paralegals and support staff have also expended an additional 8.1 hours on this case.  ECF No. 30 at 5.  In this regard, Plaintiff's counsel state that: (1) Justin Zelikovitz has more than 15 years of legal experience and has spent approximately 13.8 hours on this matter; (2) Jonathan Tucker has more than 14 years of legal experience and has spent approximately 23.5 hours on this matter; and (3) the requested attorneys' fees result in an effective hourly rate of $150.00 for Plaintiff's attorneys and $50.00 for support staff.  *Id*.  In addition, Plaintiff's counsel state that they have incurred $1,836.24 in costs in fees in this matter, which is comprised of filing fees, deposition expenses and service costs.  *Id*.

Lastly, the Settlement Agreement contains a scope of release provision that provides that Plaintiff "acknowledges and agrees that the acceptance of" the settlement award "terminates all controversies of any nature whatsoever between Plaintiff and Defendants, including but not limited to [this] [l]awsuit and . . . any other claims relating in any way to Plaintiff's employment with Defendants."  ECF No. 30-1 at ¶ 2.  The release contained in the Settlement Agreement also provides in part that, in exchange for the payment from Defendants, Plaintiff "hereby releases, holds harmless and forever discharges all other Parties to this Agreement . . . from any and all claims, causes of action, suits, damages, expenses, costs, tax liabilities, attorney's fees and liabilities of every kind or nature whatsoever . . . ."  *Id*. at ¶ 3.

### B.   Procedural Background

Plaintiff commenced this matter on January 21, 2022.  ECF No. 1.  On March 28, 2024, Plaintiff filed a consent motion to approve the Settlement Agreement.  ECF No. 30.  On June 6, 2024, the Court held a fairness hearing.  ECF No. 33.

### III. LEGAL STANDARDS

#### A. The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees. *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013). The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which [s]he is employed" for each additional hour worked. 29 U.S.C. § 207(a)(1). The statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

A Court-approved settlement is an exception to this rule. 29 U.S.C. § 216(b); *Duprey*, 30 F. Supp. 3d at 407. The Court may approve a settlement of an FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 299047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citations omitted). And so, to approve a FLSA settlement agreement, the Court must find that: (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees, if included in the agreement, are reasonable.[2]

---

[2] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted). This Court has found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, 2022 WL 1422897, at *2 (D. Md. May 5, 2022). The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiff's success on the

5

*See Duprey*, 30 F. Supp. 3d at 408 (citations omitted). These factors are most likely to be found where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [her] rights under the statute." *Lynn's Food Stores*, 679 F. 2d at 1354.

### B. Attorneys' Fees

The Fourth Circuit has explained that "[t]here are two main methods for calculating the reasonableness of attorney' fees—the lodestar method and the percentage-of-recovery method"—and that a "district court may choose the method it deems appropriate based on its judgment and the facts of the case." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022). The lodestar amount is defined as a "'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp.*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see De La Cruz v. Chopra*, 2018 WL 2298717, at *2 (D. Md. May 21, 2018) (noting that the lodestar method "multiplies the number of hours reasonably expended by a reasonable hourly rate"). "Courts in this circuit generally use a percentage of recovery method and supplement it with the lodestar method as a cross-check." *Donaldson v. Primary Residential Mortg., Inc.*, 2021 WL 2187013, at *8 (D. Md. May 28, 2021); *see also Starr v. Credible Behavioral Health, Inc.*, 2021 WL 2141542, at *5 (quoting *Savani v. URS Pro. Sols. LLC*, 121 F. Supp. 3d 564, 568 (D.S.C. 2015) ("In the Fourth Circuit, 'the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorneys' fees' in class actions.").[3]

## IV. ANALYSIS

The parties request that the Court approve the Settlement Agreement upon the grounds that the Settlement Agreement is fair and reasonable. *See generally* ECF No. 30. For the

---

merits and the amount of the settlement in relation to the potential recovery. *See De La Cruz*, 2018 WL 2298717, at *2 (citations omitted).

[3] District courts in this Circuit have analyzed the following seven factors in determining whether a requested percentage of attorneys' fees is reasonable: (1) the results obtained for the class; (2) the quality, skill and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy. *See Feinberg v. T. Rowe Price Grp., Inc.*, 610 F. Supp. 3d 758, 771 (D. Md. 2022); *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 682 (D. Md. 2013). Courts need not apply the factors in a "formulaic way," and may weigh the factors as appropriate for a particular case. *Singleton*, 976 F. Supp. 2d at 682.

reasons set forth below, and stated during the fairness hearing, the Court: (1) **GRANTS** Plaintiff's consent motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff **$3,600.00** in overtime pay and **$3,600.00** in liquidated damages; (4) **AWARDS** Plaintiff's counsel **$5,963.76** in attorneys' fees and **$1,836.24** in costs; and (5) **DISMISSES** the complaint.

### A. The Settlement Agreement Is Fair And Reasonable

As an initial matter, the Court is satisfied that the Settlement Agreement reflects a fair and reasonable compromise of a *bona fide* FLSA dispute, given the unique litigation risks and posture of this case. While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving an FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are *bona fide* FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) if included in the agreement, whether the proposed attorneys' fees are reasonable. *See Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted). In determining the first issue—whether a *bona fide* FLSA dispute exists—the Court "examine(s) the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id*. (citations omitted). And so, this Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

In this case, there is a *bona fide* FLSA dispute between the parties. As the complaint, Defendants' answer and the litigation history of this case make clear, the parties disagree about: (1) whether Plaintiff was an employee or independent contractor when she worked for Superior Auto Detailing; (2) whether Superior Auto Detailing is covered by FLSA's overtime requirements; and (3) whether Plaintiff worked more than 40 hours in a week. ECF No. 4; ECF No. 30 at 1-2. Notably, while Plaintiff alleges that she consistently worked more than 40 hours per week during the period from December 26, 2019, to November 7, 2021, Defendants dispute that Plaintiff worked any overtime hours. *See* ECF No. 1 at ¶¶ 9, 16, 18; ECF No. 4 at ¶¶ 16, 26; ECF No. 30 at 1. And so, the Court is satisfied that this matter involves a *bona fide* FLSA

dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *De La Cruz*, 2018 WL 2298717, at *2.

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute. To determine whether the proposed Settlement Agreement at issue here is fair and reasonable, the Court considers: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiff; (5) counsel's opinions; and (6) the probability of the plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Duprey*, 30 F. Supp. 3d at 409. These factors support a finding that the Settlement Agreement is fair and reasonable for several reasons.

First, with regards to the extent of discovery and the stage of these proceedings, the parties have engaged in informal discovery and two mediation sessions over approximately two years, before entering into the Settlement Agreement. ECF No. 30 at 2. The parties agreed to proceed before a United States Magistrate Judge for settlement purposes shortly after Plaintiff commenced this action. ECF No. 13. Given this, the parties state that the resources that they otherwise would have expended to pursue this litigation have been deployed for settlement purposes, thereby reducing the need for a fact-intensive trial that would have "consumed the last of Defendants' limited financial resources." ECF No. 30 at 3. And so, the Court is satisfied that the parties have had ample time to review the evidence, analyze the relevant claims and defenses and become familiar with the merits of this case.

Second, the experience of Plaintiff's counsel in handling FLSA matters also weighs in favor of approving the proposed Settlement Agreement. Plaintiff is represented by experienced attorneys in this matter. Notably, Justin Zelikovitz has more than 15 years of legal experience, including serving as Plaintiff's counsel in several FLSA matters. *Id*. at 5. His co-counsel in this matter, Jonathan Tucker, similarly has more than 14 years of legal experience. *Id*. The DCWageLaw firm has also served as lead counsel in more than 250 wage-and-hour cases in state and federal courts since 2013. *See* Wage & Hour Lawyers in D.C. & Maryland | DCWageLaw.com. And so, while not dispositive of the issue, such experienced counsel's recommendation of a settlement agreement indicates its reasonableness. *See De La Cruz*, 2018

WL 2298717, at *2 (finding that while counsel's opinion on a settlement agreement is "not to be blindly followed," the Court may view counsel's representations in favor of the agreement as supporting its reasonableness).

The probability of Plaintiff's success on the merits of her claims, and the amount of the settlement in relation to her potential recovery in this matter, also demonstrate that the Settlement Agreement is fair and reasonable. Plaintiff alleges in the complaint that Defendants owe her $8,882.07 in overtime wages. ECF No. 1 at ¶ 27. Under the Settlement Agreement, Plaintiff will recover approximately 40.5% of the unpaid overtime wages that she seeks ($3,600.00), plus liquidated damages in the amount of $3,600.00. ECF No. 30 at 1. In this regard, Plaintiff's counsel represented to the Court during the fairness hearing that Plaintiff's actual unpaid overtime wages are closer to $2,000 to $3,000, based upon the evidence exchanged by the parties during settlement negotiations. ECF No. 33. And so, while Plaintiff will recover less than half of the unpaid overtime wages that she seeks in the complaint, there are several factors that render this recovery both fair and reasonable.

First, Defendants maintain in this matter that they have limited financial means to satisfy a potential judgment in this case. ECF No. 30 at 2. Given this, there are risks to Plaintiff if the parties continue to litigate this FLSA dispute. Notably, it is possible that further litigation would consume the remainder of Defendants' limited financial resources, leaving Plaintiff without any practical means of recovering her unpaid wages should she prevail in this litigation. *Id*. at 3.

There is also a risk that Plaintiff would not have any recovery at all in this case. As discussed above, Defendants dispute that Plaintiff was their employee and that Plaintiff worked overtime hours. ECF No. 4 at ¶¶ 16, 26; ECF No. 30 at 1. Given this, there is a risk to Plaintiff that she would not recover any of the wages or liquidated damages that she seeks in this litigation. And so, while the Settlement Agreement does not compensate Plaintiff for all the unpaid wages that she seeks in the complaint, the Court is satisfied that the amount of wages and liquidated damages that Plaintiff will to recover under the Settlement Agreement is fair and reasonable.[4]

---

[4] During the fairness hearing, the Court expressed concern that the Settlement Agreement did not state precisely how and when Plaintiff would recover her unpaid wages and liquidated damages pursuant to the monthly payments described in Section 1 of that agreement. This is especially of concern given Defendants' limited financial resources. Based upon the representation of Plaintiff's counsel that Plaintiff

9

Lastly, the Court observes that there is no suggestion of fraud or collusion on the part of counsel in this case. Plaintiff's attorneys have represented her in this matter since the inception of this litigation. *See* ECF No. 1. The parties have also shown that their settlement negotiations were at arms-length. ECF No. 30 at 4. Given this, the Court is also satisfied that there was no fraud or collusion between counsel, which would preclude approval of the Settlement Agreement. *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *12 (E.D. Va. Sept. 28, 2009) ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

Because the Court is satisfied that the Settlement Agreement reflects a fair and reasonable compromise, given the inherent risks and costs associated with further litigation of this matter, the Court will APPROVE the Settlement Agreement. *See Saman v. LBDP, Inc.*, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *De La Cruz*, 2018 WL 2298717, at *1.

### B. The Award Of Attorneys' Fees And Costs Is Reasonable

As a final matter, the Court is also satisfied that the attorneys' fees and costs that Defendants have agreed to pay to Plaintiff's counsel are reasonable, given the litigation history of this case.

Because the Settlement Agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable. *Lynn's Food Stores*, 679 F.2d at 1354. When calculating an award of attorneys' fees, "the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see also Thompson v. HUD*, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2022). And so, this Court has established rates that are presumptively

---

will receive a payment in the amount of $600 for each of the monthly installment payments called for under the Settlement Agreement, ECF No. 32, and the significant litigation risks discussed above, the Court is in a position to approve the Settlement Agreement.

10

reasonable for lodestar calculations in Appendix B to its Local Rules.  *See* L.R. App. B. (D. Md. 2023).

Here, the Settlement Agreement provides for the payment of $5,963.76 in attorneys' fees, which will provide for reimbursement of 37.3 attorney billable hours and 8.1 hours for support staff.  ECF No. 30 at 5.  In this regard, Plaintiff's counsel state that the parties have agreed to an effective hourly rate of $150.00 per hour for both of Plaintiff's attorneys and $50.00 for the firm's paralegals and support staff.  *Id*.  Such hourly rates are significantly lower than the presumptively reasonable rates for lodestar calculations under the Court's Local Rules and, thus, reasonable.  *See* L.R. App. B(3) (providing that the an hourly rate of $225-350 is appropriate for lawyers admitted to the bar for nine to 14 years, an hourly rate of $275-425 is appropriate for lawyers admitted to the bar for 15 to 19 years and an hourly rate of $150 is appropriate for paralegals and law clerks).

The parties have also shown that the costs to be recouped by Plaintiff's counsel, in the amount of $1,836.24 for filing fees, deposition expenses and services costs, are also reasonable and appropriate, given the two-year litigation history of this case.  ECF No. 30 at 5.  And so, the Court will APPROVE the award of attorneys' fees in the amount of $5,963.76 and costs in the amount of $1,836.24 to Plaintiff's counsel as contemplated by the Settlement Agreement.

## V.   CONCLUSION

In sum, the Court is satisfied that the Settlement Agreement constitutes a fair and reasonable compromise of the parties' *bona fide* dispute under the FLSA and that the attorneys' fees and costs provided for in the Settlement Agreement are reasonable.  And so, for the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's consent motion for approval of the Settlement Agreement;

(2) **APPROVES** the Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* FLSA dispute;

(3) **AWARDS** Plaintiff **$3,600.00** in unpaid overtime wages and **$3,600.00** in liquidated damages;

(4) **AWARDS** Plaintiff's counsel **$5,963.76** in attorneys' fees and **$1,836.24** in costs; and

(5) **DISMISSES** the complaint.

The Court shall retain jurisdiction over this matter to enforce the terms of the Settlement Agreement.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge
